UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: GREEKTOWN HOLDINGS, LLC | Bankr. Case No. 08-53104 |
| | Chapter 11 |
| | Bankruptcy Judge Walter Shapero |
| Debtor, | |
| _____/ | |
| | |
| BUCHWALD CAPITAL ADVISORS, LLC, | |
| solely in its capacity as Litigation Trustee for | |
| the Greektown Litigation Trust, | |
| | |
| Plaintiff, | Adv. Pro. 10-05712 |
| | |
| v. | |
| | |
| DIMITROS ("JIM") PAPAS, et al., | |
| | |
| Defendants. | |
| _____/ | |
| | |
| SAULT STE. MARIE TRIBE OF CHIPPEWA | |
| INDIANS; KEWADIN CASINOS GAMING | |
| AUTHORITY, | |
| | |
| Appellants, | Case No. 14-14103 |
| | |
| v. | Paul D. Borman |
| | United States District Judge |
| BUCHWALD CAPITAL ADVISORS, LLC, | |
| Litigation Trustee for the Greektown | |
| Litigation Trust, | |
| | |
| Appellee. | |
| _____/ | |

ORDER DENYING THE LITIGATION TRUSTEE'S PETITION FOR CERTIFICATION OF
THE COURT'S JUNE 9, 2015 OPINION PURSUANT TO 28 U.S.C. § 1292(b) FOR APPEAL
TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

On June 22, 2015, Appellee Buchwald Capital Advisors, LLC, Litigation Trustee for the

1

Greektown Litigation Trust (the "Litigation Trustee") filed a petition seeking to have this Court certify its June 9, 2015 Opinion and Order Reversing the Bankruptcy Court's August 13, 2014 Order Denying the Tribe's Renewed Motion to Dismiss on the Grounds of Sovereign Immunity and Remanding For Further Proceedings.  (ECF No. 16, Petition.)  On June 25, 2015, Appellants the Sault Ste. Marie Tribe of Chippewa Indians and Kewadin Casinos Gamin Authority ("the Tribe") filed a Response to the Petition.  (ECF No. 18, Response.)  For the reasons that follow, the Court declines to exercise its discretion to certify its interlocutory June 9, 2015 Opinion and Order for immediate appeal and DENIES the Petition.

> Title 28 U.S.C. § 1292 states as follows:
>
> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (emphasis in original).

In deciding whether to exercise its discretion under § 1292(b), a district court must consider whether: "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an appeal may materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). "Review under § 1292(b) is granted sparingly and only in exceptional cases." *Id*. (citing *Kraus v. Bd. of County Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966)).

This is not an exceptional case meriting certification for immediate appellate review. Assuming *arguendo* that the Court's order involves a controlling question of law and that there is a substantial ground for a difference of opinion as to whether Congress clearly and unequivocally expressed an intent to abrogate tribal immunity in § 106(a) of the Bankruptcy Code, in this case certification of this issue for immediate appeal will not materially advance the ultimate termination of the underlying adversary proceeding.

If the Sixth Circuit affirms this Court, the parties will be back in the bankruptcy court litigating the issue of waiver, which is precisely where matters are poised to commence now. If the Sixth Circuit reverses this Court, and agrees with Judge Shapero that Congress did clearly and unequivocally express an intent to abrogate tribal immunity in § 106(a) of the Bankruptcy Code, the parties also will return to the bankruptcy court to litigate the underlying fraudulent transfer issues. In either case, a Sixth Circuit decision on the issue will not terminate or materially advance the termination of the underlying litigation.

The Court is unpersuaded by the Litigation Trustee's argument that an immediate appeal will materially advance the litigation because it could eliminate the need for "costly" discovery on the issue of waiver. The nature and amount of discovery that Judge Shapero may (or may not) deem necessary to decide the waiver issue is purely a matter of speculation at this point.

As the parties stipulated in the Bankruptcy Court proceedings on December 23, 2010, the most logical and appropriate next step in this litigation is a determination of the issue of waiver by Judge Shapero. Certifying the sovereign immunity issue for immediate appeal now, without a ruling on the issue of waiver, will not terminate or materially advance resolution of the underlying litigation.

Accordingly, the Court DENIES the Litigation Trustee's petition for certification of the Court's June 9, 2015 Opinion and Order for immediate appeal to the Sixth Circuit.

**IT IS SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 14, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 14, 2015.

s/Deborah Tofil
Case Manager